**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JOSE R. RAMOS LAMBOY<br>ROSA M. VAZQUEZ NIEVES<br><br>DEBTORS | CASE NO. 18-00018 ESL<br><br>CHAPTER 12 |

## CHAPTER 12 PLAN- DATED MAY 7, 2018

The above captioned Debtors, José R. Ramos Lamboy & Rosa M. Vazquez Nieves by and through the undersigned counsel, hereby submit the following proposed plan of reorganization pursuant to the provisions of 11 U.S.C. Section 1201, et seq., and specifically to 11 U.S.C. Section 1222.

Pursuant to the provisions of Sections 1222 of the Code, Debtors propose the classification and treatment of claims as hereinafter stated.

Creditors and other parties in interest are urged to read and consider this Plan in its entirety since this represents a proposed legally binding agreement between the Debtors, creditors and parties in interest.

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. **"Debtors"** shall mean the individuals, José R. Ramos Lamboy & Rosa M. Vazquez Nieves, all as consolidated debtors.

2. **"Petition Date"** shall mean, January 3, 2018, the date on which Debtors filed their Voluntary Petition and commenced their instant Chapter 12 proceedings.

3. **"Bar Date"** shall mean the deadline of March 14, 2018, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims under this Plan. For Government proof of claims due the bar date has been set to be July 2, 2018.

4. **"Confirmation Date"** shall mean, the date the Order of Confirmation in this Chapter 12 proceeding and becomes a Final Order.

5. **"Effective Date of the Plan"** shall mean, forty-five (45) days after the Order of Confirmation of the plan, becomes Final Order. It will also constitute the date to submit all cash payments required under the plan will be issued to creditors.

6. **"Trustee"** shall mean, the standing Chapter 12 Trustee, José R. Carrión Morales, Esq.

7. **"Consummation Date"** shall mean, the date by which all of the conditions precedent to full

consummation set forth in this Plan, shall have been met or waived.

8. **"Order of Confirmation"** shall mean, the Order of the Bankruptcy Court confirming this plan, pursuant to 11 U.S.C. § 1225.

# ARTICLE II
# ASSETS AND LIABILITIES AS OF PETITION DATE

**A. ASSETS**:

Debtors' assets composition as listed on Schedules A and B has remained substantially unchanged. Personal and Business assets were detailed in the schedules filed.

These properties were schedule and purport an aggregate value of $250,000.00.

a. Lot of land comprised of 80 cuerdas; in this property is Debtors' residential property and dairy farm. Located at Barrio Rio Sector Brazo Seco, Carr 927 Km 9 Hm 6 Naguabo, Puerto Rico. Registered at the Public Registry of Naguabo Book 132, Page 160, Property No. 7,070, with a value of $180,000.00.

b. Lot of land comprised of 55 cuerdas; used for grazing. Located at Barrio Rio Sector Brazo Seco, Carr 927 Km 9 Hm 6 Naguabo, Puerto Rico, with a value of $55,000.00.

Personal assets owned by Debtors detailed in the schedules filed in the total amount of $430,940.00 which breakdown as follows: $240.00 as miscellaneous personal properties such as cash in hand and checking accounts; $3,500.00 were listed as household goods, jewelry and clothing; $19,200.00 were listed as vehicles; $36,000.00 were listed as farm equipment and $60,000.00 were listed as farm animals, particularly cattle cows.

Debtors also listed the interest over the milk production rights comprised of 26,000 production liters with an approximate fair market value of $12.00 per liter for a total amount of $312,000.00.

A reconciliation of the Debtors' assets and the projected liquidation scenario is presented in the Liquidation Analysis as **Exhibit E.**

**B. LIABILITIES**:

According to the schedules filed and proof of claims filed in this case, the sum of all secured claims is approximately $521,844.00. The sum of all general unsecured claims is approximately $705,812.48; unsecured priority claims as defined 11 U.S.C. § 507 (a)(8) are approximately $2,783.16.

For a detail of all outstanding debts, classified pursuant the terms of this plan refer to Schedule of Payments under the Plan of Reorganization as **Exhibit B**.

# ARTICLE III
# DESIGNATION OF CLAIMS, TREATMENT FOR CLASSES AND INTEREST

**A.     DESIGNATION OF CLAIMS**

The plan divides creditors into the following nine (9) classes:

## CLASS 1 TRUSTEE'S EXPENSES

This Class 1 shall consist of the Chapter 12 trustee statutory commission computed pursuant to 28 U.S.C. § 586(e).

The Chapter 12 trustee shall receive and retain the following fee: ten percent (10%) of all payments distributed by the trustee that combined do not exceed the amount of $450,000.00; three percent (3%) of all payments distributed by the trustee that combined amount higher than $450,000.01 but not in excess of $1,000,000.00; and three percent (3%) or less of all payments distributed by the trustee that combined exceed the amount of $1,000,000.00.

## CLASS 2 ADMINISTRATIVE EXPENSES

These expenses shall be the Allowed Administrative Expenses pursuant Section 503 of the Code. This class will be paid by the Chapter 12 Trustee in full as soon as practicable, as of (a) the Effective Date or (b) during the first year following the confirmation of the plan. The attorney's fee in this case are in the amount of $10,800.00 and the same will be granted with the confirmation of the Chapter 12 Plan.

These amounts will be determined and fixed upon written application to the Court.

## CLASS 3 USDA FARM SERVICE AGENCY – POC 6, 7, 8 & 9

USDA Farm Service Agency ("USDA Farm") filed proof of claim nos. 6, 7, 8 & 9 in the amount of $131,264.93. USDA Farm is secured by mortgage promissory notes encumbering, the following: Lot of land comprised of 80.00 cuerdas with a value of $180,000.00; Tractor with a value of $15,000.00 and Farm Animals (cattle) with a value of $60,000.00. The total amount of USDA Farm collaterals is $255,000.00.

**Debt Balance Restructuring Upon Confirmation:** This class will be paid as follows:

Debtor needed to buy cows to replace the sick cows since the cows were suffering from mastitis, however, they could not recover from the same since they were prohibited to receive the cash collateral to reorganized their business and heal the cattle. Most of the cattle will be sent to the slaughterhouse since they could not recover from mastitis due to the lack of income. To heal the cattle a series of additional expenses are required, such as medicines and veterinarians, that the biweekly surplus, if any, was not sufficient to cover the same.

Due to the reasons stated above, the cattle which are lien of USDA Farm have been reduced drastically.

Debtors in order to settle de debt with they will surrender an incentive in the amount of $80, 259 to USDA Farm. *See*, Incentive ("Contrato del Programa de Conservación") as **Exhibit F.**

## CLASS 4 CONDADO 4, LLC – POC 22

Condado 4, LLC ("Condado") is secured by mortgage promissory note encumbering, the following: 23,600 liters of Milk Quota in First Range and 22,700 liters in second range. The total amount of Condado collaterals is $283,200.00.

**Debt Balance Restructuring Upon Confirmation:** Condado filed proof of claim no. 22 in the amount of $277,386.02, this class will be paid in the amount of $277,386.02 owed to creditor as follows:

Debtors will sell the 26,000 liters of milk quota at $12.00 per liter for a total amount of $312,000.00. Debtors will pay-off the debt owed to Condado in the amount of $277,386.02 as per the proof of claim filed.

## CLASS 5 TRIANGLE CAYMAN ASSET COMPANY – POC 23

Triangle Cayman Asset Company c/o Capital Crossing PR LLC ("Triangle Cayman") filed proof of claim no. 23 in the amount of $561,000.00 as secured and $388,504.67 as unsecured. Triangle Cayman is secured by Lot of land comprised of 55 cuerdas with a value of $55,000.00 and 2,400 liters of milk quota in First Range with a value of $28,800.00, the total amount of Triangle Cayman collateral is $83,800.00. Debtors are co-debtors in this loan.

**Debt Balance Restructuring Upon Confirmation:** As such, this class will be paid in the amount of $83,800.00 as per collateral value as follows:

- Debtors will sell the 26,000 liters of milk quota at $12.00 per liter for a total amount of $312,000.00. Debtors will pay to Triangle Cayman the amount of $28,800 for the 2,400 liters of milk quota that guarantee this debt.

- The lot of land comprised of 55 cuerdas with a value of $55,000.00 will be paid as follows:

The monthly payments to be received by Triangle Cayman will be in the amount of $590.10 from June 2018 through May 2023. This monthly payment will be applied to the principal and interest for a period of sixty (60) month. The same will be at an interest rate of 5.25% and amortized over a period of ten (10) years. This payment will be made directly to creditor by the Chapter 12 Trustee.

From June 2023 through May 2028, Debtors will continue making monthly payments in the amount of $590.10 for period of five (5) years, at an interest rate of 5.25%. This payment will be made directly to Triangle Cayman through Debtors.

- The remaining unsecured amount of $865,704.67 will be in Class 9 General Unsecured.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B**. *See*, **Exhibit D** current interest rate as of May 2018 and **Exhibit C** as loan calculator table.

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in

the plan. The insurance of the real propert7y will be paid directly by Debtors. In addition, Debtors are exempted of the property taxes (CRIM), in accordance to law 225 (Bonafide Farmer), if any tax payment is due, Debtors will pay the same.

### CLASS 6 RELIABLE FINANCIAL SERVICES, INC. –POC 1

Reliable Financial Services, Inc. ("Reliable") is secured by vehicle Toyota Scion 2015, with a current value of $16,000.00. Debtors propose with the confirmation of the plan to consent to lift stay in favor of creditor, this vehicle is used and pay by third party.

### CLASS 7 POPULAR AUTO – POC 11

Popular Auto is secured by vehicle Ford F150 2003, with a current value of $500.00. Debtors propose with the confirmation of the plan to surrender vehicle to creditor. The deficiency will be paid as general unsecured in Class 9 General Unsecured.

### CLASS 8 PRIORITY CLAIMS

This class will be paid as per proof of claim filed by all allowed unsecured priority claims classified pursuant to 11 U.S.C. § 507 (a)(8) of the Bankruptcy Code, the same will be paid according to the claim or superseding claim filed by these government entities.

- State Insurance Fund filed proof of claim no. 17 in the amount of $317.31.
- Levy County Tax filed proof of claim no. 19 in the amount of $2,465.22.

The present value of these debts is $2,783.22 and will be pay through the Chapter 12 Trustee through monthly installments commencing on the effective date of the plan within a sixty (60) month period.

### CLASS 9 GENERAL UNSECURED CREDITORS

General unsecured creditors, including any Claim specified in 11 U.S.C. Sections 502(g), 502(h) or 502 (I), considered in this class are the following: the unsecured creditors listed on the schedules, those who filed a proof of claim and those secured creditors who have agreed to have the unsecured part of their claim treated under this class. The debt under this class has been estimated by Debtors in the amount of no more than $32,235.00. *See*, Liquidation Analysis as **Exhibit E.**

This class will receive payments from the monthly installments made by Debtors to the Chapter 12 Trustee. The length of the plan is for sixty (60) months commencing forty-five (45) days after the confirmation of the plan and in the amounts specified in the Payment Proposal enclosed herein as **Exhibit A**. Upon confirmation of the plan, these monthly payments will be paid directly to the Trustee from the business operations, on the basis of consecutive monthly installments by Debtors to the Trustee as indicated in the Schedule Payments as **Exhibit B.**

## ARTICLE IV
## PENDING LITIGATION

Debtors state that, as of this date, to the best knowledge and belief there is no pending or threatened litigation that may affect the liability or asset composition of their personal business.

## ARTICLE V
## MEANS OF EXECUTION OF THE PLAN AND FEASIBILITY

Debtors have sufficient funds to make all payments due under this Plan. The funds will be obtained from the business operations. Business projections for the next twelve (12) months will be filed during the next fifteen (15) days. The projections will serve as guidelines for the farm operations. These projections are made for a period of twelve (12) months given that making them for a longer period would be impractical, since they depend on unpredictable changes, the weather and the increases per one hundred (100) pounds of the feed for cows.

## ARTICLE VI
## EFFECT OF CONFIRMATION AND DISCHARGE

All property of the estate vests in Debtors upon confirmation except as otherwise provided in the plan or confirmation order. The property vests free of creditor's claims except for debts not discharged, or as otherwise stated in the plan or confirmation order, according to 11 U.S.C. §1227(b) and §1227(c). The discharge granted on the Chapter 12 will be just for Debtors and will not apply to any other co-signer or co- guarantor according to 11 U.S.C. §1201.

The Chapter 12 discharge is received when all payments under the plan are completed, except for payments exceeding the term of the plan 11 U.S.C. §1228(a). Upon completing all conditions precedent to the consummation of this plan, all existing claims shall be deemed to be exchanged, satisfied, discharged and release in full; and all holders of claims shall be precluded from asserting any other or future claim against Debtor, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim. Upon full payment of the amounts compromised and detailed herein, secured creditors will turn over to the Debtors for cancellation purposes of promissory notes encumbering personal and real property pertaining to this estate.

A hardship discharge may be granted by the court if Debtor is unable to make plan payments and if such failure is beyond the Debtor's control, creditors have received at least the liquidation value of their claim, and post confirmation plan modification is not practicable pursuant §1228(b).

The order of confirmation of the Plan shall constitute an injunction against the pursuit of any claim or Equity Interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed, under 11 U.S.C. 501, such claim is allowed under 11 U.S.C. 502 or the holder of such

claim has accepted this Plan in the manner set forth herein.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The Debtors, the Trustee, both at their option, or upon order of the Bankruptcy Court, if requested, may file an objection to any claim as to its validity or amount before the closing of the case. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claim belongs.

The claim of any general unsecured creditor who fails to file a proof of claim or that files its claim after the bar date, will be disallowed by the confirmation hearing.

## ARTICLE VIII
## EXECUTORY CONTRACTS

Except as stated herein, Debtors assume all unexpired leases and executory contracts to which it is a party and which have not been expressly rejected pursuant to 11 U.S.C. § 365(a). Specifically, Debtors are rejecting throughout the bankruptcy proceedings the following contract**:**

a. Lease contract over farm with Administración de Terrenos de Puerto Rico. Docket nos. 15, 24 & 78.

## ARTICLE IX
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The Debtors may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. § 1223. After confirmation of the Plan, the Reorganized Debtors may, with the approval of the Court and as long as it does not adversely affect the interest of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## ARTICLE X
## CLOSING OF THE CASE

At such time as the case has been fully consummated, this case shall be closed. In order for the case to be close, the trustee shall file a final report and account showing that the case has been fully administered and the Plan has been fully consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interest. Thereafter an order approving the trustee's report and closing of the case shall be entered.

## ARTICLE XI
## COMPLIANCE WITH LAWS AND GOOD FAITH

Debtors believe that the plan complies with all provisions of a chapter 12 plan and any other applicable provision of the Bankruptcy Code. The plan has been proposed in good faith and not by any means forbidden by law, and that all fees, charges or amounts required to be paid before confirmation have been paid.

# ARTICLE XII
# RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by this Plan, to enable the Debtors to consummate any and all proceedings which they may bring before or after the entry of the order of confirmation, in order to carry out the provisions of this Plan, specifically meaning until payment of all creditors as listed in the Treatment of Classes, Article III, supra.

**I CERTIFY,** that a copy of the Chapter 12 Plan has been electronically filed with the Clerk of the Bankruptcy Court using CM/ECF system which will forward a copy of the same to the office of Jose R. Carrion Morales, Esq.; Chapter 12 Trustee and to all creditors and parties in interest as per the Master Address List giving them twenty-one (21) days to reject the proposed plan and request a hearing. Absent good cause, untimely rejections shall be denied.

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this **CHAPTER 12 PLAN** has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUMITTED,**

In Caguas, Puerto Rico, this Monday, May 7, 2018.

**GRATACÓS LAW FIRM, P.S.C.**
PO BOX 7571
CAGUAS, PR 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633
EMAIL: bankruptcy@gratacoslaw.com

/s/ Víctor Gratacós-Díaz (127906)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**JOSE R. RAMOS LAMBOY**<br>**ROSA M. VAZQUEZ NIEVES**<br><br>**DEBTORS** | **CASE NO. 18-00018 ESL**<br><br>**CHAPTER 12** |

**PAYMENT PROPOSAL OF CHAPTER 12 PLAN- DATED MAY 7, 2018:**

**CLASS 2 ADMINISTRATIVE EXPENSES**

These expenses shall be the Allowed Administrative Expenses pursuant Section 503 of the Code. This class will be paid by the Chapter 12 Trustee in full as soon as practicable, as of (a) the Effective Date or (b) during the first year following the confirmation of the plan. The attorney's fee in this case are in the amount of $10,800.00 and the same will be granted with the confirmation of the Chapter 12 Plan.

These amounts will be determined and fixed upon written application to the Court.

**CLASS 3 USDA FARM SERVICE AGENCY – POC 6, 7, 8 & 9**

USDA Farm Service Agency ("USDA Farm") filed proof of claim nos. 6, 7, 8 & 9 in the amount of $131,264.93. USDA Farm is secured by mortgage promissory notes encumbering, the following: Lot of land comprised of 80.00 cuerdas with a value of $180,000.00; Tractor with a value of $15,000.00 and Farm Animals (cattle) with a value of $60,000.00. The total amount of USDA Farm collaterals is $255,000.00.

**Debt Balance Restructuring Upon Confirmation:** This class will be paid as follows:

Debtor needed to buy cows to replace the sick cows since the cows were suffering from mastitis, however, they could not recover from the same since they were prohibited to receive the cash collateral to reorganized their business and heal the cattle. Most of the cattle will be sent to the slaughterhouse since they could not recover from mastitis due to the lack of income. To heal the cattle a series of additional expenses are required, such as medicines and veterinarians, that the biweekly surplus, if any, was not sufficient to cover the same.

Due to the reasons stated above, the cattle which are lien of USDA Farm have been reduced drastically.

Debtors in order to settle de debt with they will surrender an incentive in the amount of $80, 259 to USDA Farm. *See*, Incentive ("Contrato del Programa de Conservación") as **Exhibit F.**

## CLASS 4 CONDADO 4, LLC – POC 22

Condado 4, LLC ("Condado") is secured by mortgage promissory note encumbering, the following: 23,600 liters of Milk Quota in First Range and 22,700 liters in second range. The total amount of Condado collaterals is $283,200.00.

**Debt Balance Restructuring Upon Confirmation:** Condado filed proof of claim no. 22 in the amount of $277,386.02, this class will be paid in the amount of $277,386.02 owed to creditor as follows:

Debtors will sell the 26,000 liters of milk quota at $12.00 per liter for a total amount of $312,000.00. Debtors will pay-off the debt owed to Condado in the amount of $277,386.02 as per the proof of claim filed.

## CLASS 5 TRIANGLE CAYMAN ASSET COMPANY – POC 23

Triangle Cayman Asset Company c/o Capital Crossing PR LLC ("Triangle Cayman") filed proof of claim no. 23 in the amount of $561,000.00 as secured and $388,504.67 as unsecured. Triangle Cayman is secured by Lot of land comprised of 55 cuerdas with a value of $55,000.00 and 2,400 liters of milk quota in First Range with a value of $28,800.00, the total amount of Triangle Cayman collateral is $83,800.00. Debtors are co-debtors in this loan.

**Debt Balance Restructuring Upon Confirmation:** As such, this class will be paid in the amount of $83,800.00 as per collateral value as follows:

- Debtors will sell the 26,000 liters of milk quota at $12.00 per liter for a total amount of $312,000.00. Debtors will pay to Triangle Cayman the amount of $28,800 for the 2,400 liters of milk quota that guarantee this debt.

- The lot of land comprised of 55 cuerdas with a value of $55,000.00 will be paid as follows:

The monthly payments to be received by Triangle Cayman will be in the amount of $590.10 from June 2018 through May 2023. This monthly payment will be applied to the principal and interest for a period of sixty (60) month. The same will be at an interest rate of 5.25% and amortized over a period of ten (10) years. This payment will be made directly to creditor by the Chapter 12 Trustee.

From June 2023 through May 2028, Debtors will continue making monthly payments in the amount of $590.10 for period of five (5) years, at an interest rate of 5.25%. This payment will be made directly to Triangle Cayman through Debtors.

- The remaining unsecured amount of $865,704.67 will be in Class 9 General Unsecured.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B**.

*See*, **Exhibit D** current interest rate as of May 2018 and **Exhibit C** as loan calculator table.

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in

the plan. The insurance of the real propert7y will be paid directly by Debtors. In addition, Debtors are exempted of the property taxes (CRIM), in accordance to law 225 (Bonafide Farmer), if any tax payment is due, Debtors will pay the same.

## CLASS 6 RELIABLE FINANCIAL SERVICES, INC. –POC 1

Reliable Financial Services, Inc. ("Reliable") is secured by vehicle Toyota Scion 2015, with a current value of $16,000.00. Debtors propose with the confirmation of the plan to consent to lift stay in favor of creditor, this vehicle is used and pay by third party.

## CLASS 7 POPULAR AUTO – POC 11

Popular Auto is secured by vehicle Ford F150 2003, with a current value of $500.00. Debtors propose with the confirmation of the plan to surrender vehicle to creditor. The deficiency will be paid as general unsecured in Class 9 General Unsecured.

## CLASS 8 PRIORITY CLAIMS

This class will be paid as per proof of claim filed by all allowed unsecured priority claims classified pursuant to 11 U.S.C. § 507 (a)(8) of the Bankruptcy Code, the same will be paid according to the claim or superseding claim filed by these government entities.

- State Insurance Fund filed proof of claim no. 17 in the amount of $317.31.
- Levy County Tax filed proof of claim no. 19 in the amount of $2,465.22.

The present value of these debts is $2,783.22 and will be pay through the Chapter 12 Trustee through monthly installments commencing on the effective date of the plan within a sixty (60) month period.

## CLASS 9 GENERAL UNSECURED CREDITORS

General unsecured creditors, including any Claim specified in 11 U.S.C. Sections 502(g), 502(h) or 502 (I), considered in this class are the following: the unsecured creditors listed on the schedules, those who filed a proof of claim and those secured creditors who have agreed to have the unsecured part of their claim treated under this class. The debt under this class has been estimated by Debtors in the amount of no more than $32,235.00. *See*, Liquidation Analysis as **Exhibit E.**

This class will receive payments from the monthly installments made by Debtors to the Chapter 12 Trustee. The length of the plan is for sixty (60) months commencing forty-five (45) days after the confirmation of the plan and in the amounts specified in the Payment Proposal enclosed herein as **Exhibit A**. Upon confirmation of the plan, these monthly payments will be paid directly to the Trustee from the business operations, on the basis of consecutive monthly installments by Debtors to the Trustee as indicated in the Schedule Payments as **Exhibit B.**